UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>ERVIN BURNING BREAST, JR., a/k/a Ervin Left Hand Bull,<br>Defendant. | 3:26-CR-30021-ECS<br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE |

A grand jury indicted Ervin Burning Breast, Jr., a/k/a Ervin Left Hand Bull, with two counts of assault with a dangerous weapon.[1] Doc. 1. Defendant has pled not guilty to the charged offenses and has exercised his right to a jury trial. Doc. 57. On October 29, 2026, this Court held a pretrial conference and motion hearing, where it heard arguments from both parties and ruled on pending pretrial motions in limine. Docs. 43, 46, 49, 51. This Court now formalizes its oral rulings with this Opinion and Order.

## I. Legal Standard

A motion in limine is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Motion in limine, Black's Law Dictionary (12th ed. 2024). These motions appeal to the Court's duty, "[t]o the extent practicable," to "conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). The use of motions in limine "streamline[s] the presentation of evidence [to] avoid unnecessary

[1] According to the Indictment, Burning Breast was charged with assault with a dangerous weapon on Shelby Rowland (Count I) and Josh Rowland (Count II). Doc. I.

mistrials [by] safeguard[ing] the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction." United States v. Martinez, No. 3:24-CR-30008-ECS, 2024 WL 4491497, at *1 (D.S.D. Oct. 14, 2024) (quoting United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019) and citing Motion in limine, Black's Law Dictionary (11th ed. 2019)). "If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain a contrary ruling from this Court." Id. The Court "retains the authority to revisit and change its rulings based on how the case unfolds." Id. (citing Luce v. United States, 469 U.S. 38, 41-42 (1984)).

## II. Discussion

At the pretrial conference, the Government expressed its intent to admit into evidence Defendant's prior assault conviction from January 2019, and Defendant's alleged assault of Jayce Henry on December 2025. Mot. Hr'g for Pretrial Conf. 10:06:42–10:08:49 a.m., Oct. 29, 2026 (audio); see also Docs. 44, 45. For the January 2019 conviction, the Government sought to admit both the factual basis statement and the judgment of conviction. Mot. Hr'g for Pretrial Conf. at 10:13:11–10:14:03 a.m.; see also Doc. 44-1, 44-2. Defendant objected to the January 2019 conviction, Docs. 47, 50 at 1–3, and the Jayce Henry incident, Doc. 50 at 4, from coming in as evidence. See Mot. Hr'g for Pretrial Conf. at 10:09:49–10:11:47 a.m.; 10:22:54–10:23:29 a.m. This Court took both matters under advisement. Mot. Hr'g for Pretrial Conf. at 10:18:25–10:22:43 a.m.; 10:30:16–10:30:50 a.m. Upon careful consideration of the record and the arguments proffered by counsel at the pretrial conference, this Court rules that both the factual basis statement and the Jayce Henry incident are admissible. This Court memorializes in writing

only its rulings on these two issues. All remaining motions in limine filed by the parties are granted in part and denied in part, consistent with this Court's rulings at the pretrial conference. See Mot. Hr'g for Pretrial Conf. at 10:08:50–10:09:25 a.m.; 10:32:09–11:14:48 a.m.

**A. The Factual Basis Statement from the January 2019 Assault Conviction**

The Government seeks to admit into evidence the factual basis statement in United States v. Ervin Burning Breast, Jr., CR. 18-30035, along with the judgment of conviction in the same file pursuant to Fed. R. Evid. 404(b) and Fed. R. Evid. 609(a). Docs. 44, 44-1, 44-2, 45.

At the pretrial conference, this Court determined that the judgment of conviction, Doc. 44-1, is admissible under Rule 404(b). Mot. Hr'g for Pretrial Conf. at 10:18:21–10:19:04 a.m. But the Government also seeks to admit, along with the judgment of conviction, the factual basis statement that was filed and signed by Defendant. Mot. Hr'g for Pretrial Conf. at 10:13:28–10:13:38 a.m.; see also Doc. 44-2. It is the Government's position that the factual basis statement will show Defendant's "intent," "absence of mistake," or "lack of accident" to the jury. Mot. Hr'g for Pretrial Conf. at 10:12:10–10:13:11 a.m.; Doc. 45-1 at 1; see also Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). The Government also revealed it intends to have Special Agent Jay Romero read the factual basis statement on the witness stand and testify on his knowledge of the January 2019 conviction. Mot. Hr'g for Pretrial Conf. at 11:31:28–11:31:56 a.m.; see also Doc. 53. Defense counsel objected to the factual basis statement coming in as evidence and Special Agent Romero's testimony, arguing the evidence would be cumulative and prejudicial. Mot. Hr'g for Pretrial Conf. at 10:15:49–10:16:57 a.m. But defense counsel suggested should this evidence be admitted over Defendant's objection, it should be redacted due to the presence of ancillary

information that Defendant believes is irrelevant. Id. The Government did not object to redacting some of the language in the factual basis statement, should this evidence be admitted. Mot. Hr'g for Pretrial Conf. at 11:31:55–11:32:16 a.m.

After careful consideration, this Court rules that the factual basis statement is admissible under Rule 404(b). This district has allowed factual basis statements to come in as evidence in prior cases. See Young v. United States, 953 F. Supp. 2d 1049, 1069–71 (D.S.D. 2013) (stating "the underlying facts from this conviction were admissible [under Rule 404(b)] to show identity between the similar crimes" and "it did not affect the outcome of the trial"). Since the parties expressed no objections to redaction, this Court invites the parties to work together to make redactions to the factual basis statement and present what they have agreed on to this Court for its consideration before it is offered into evidence. If the parties cannot reach an agreement, this Court will hear arguments about what issues remain on redactions for the factual basis statement. As noted at the pretrial conference, this Court further orders redactions to remove references to punishment in the judgment of conviction. Mot. Hr'g for Pretrial Conf. at 10:21:33–10:22:37 a.m.

This Court does sustain Defendant's objection to this 404(b) evidence, in part. Specifically, the Government has said that in addition to reading the factual basis statement, Special Agent Romero will provide additional testimony regarding the facts giving rise to the 2019 conviction. Mot. Hr'g for Pretrial Conf. at 11:31:28–11:31:56 a.m. This Court will not allow the Government to do so. Instead, the presentation of 404(b) evidence related to the 2019 conviction will be the redacted judgment of conviction and the redacted factual basis statement, which may be read to the jury. This Court believes any extraneous testimony from

Special Agent Romero about the facts of the 2019 conviction would be cumulative and not necessary.

Accordingly, this Court rules the factual basis statement is admissible under Rule 404(b).

**B. The Christmas Eve Jayce Henry Incident**

The Government also seeks to admit evidence involving an incident between Defendant and Jayce Henry shortly before the alleged conduct charged under this case. Doc. 45 at 2–3. The Government seeks admission of this evidence pursuant to Rule 404(b) or, in the alternative, for the Court to consider it *res gestae*. Doc. 45; Doc. 45-1 at 8–9. At the pretrial conference, this Court stated it was inclined to exclude the evidence given the relatively sparse and vague description of it provided in the Government's Notice of Intent. Mot. Hr'g for Pretrial Conf. at 10:26:33–10:27:53 a.m. But given new information proffered by the Government's counsel at the pretrial conference, this Court reconsiders its ruling.

The Government now represents Mr. Jayce Henry was sitting outside the Hope Reynolds Residence when Defendant allegedly approached him with a knife. Mot. Hr'g for Pretrial Conf. at 10:28:29–10:29:31 a.m. The Government claims another individual, Mr. Michael Whirlwind Soldier, also saw the knife. Id. The Government believes this episode happened shortly before the alleged conduct giving rise to charges in this case, perhaps mere minutes before the alleged conduct at issue. Doc. 45 at 2–3. The Government stated it intends to have Mr. Whirlwind Soldier testify that he saw Defendant carrying a knife. Mot. Hr'g at Pretrial Conf. at 10:29:30–10:29:56 a.m. Mr. Whirlwind Solider is on the Government's witness list. Doc. 53. There was discussion at the pretrial conference about when this information was produced in discovery by the Government to Defendant. Mot. Hr'g for Pretrial Conf. at 10:23:28–10:24:45 a.m. This

Court is satisfied based on representations by the Government's counsel that this information was produced in a timely fashion.

Given this new information, this Court rules the incident involving Jayce Henry is admissible under Rule 404(b). "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). It may be admissible for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "Exclusion of evidence under Rule 404(b) is generally reserved for when the evidence clearly has no bearing on the case and is introduced solely to show defendant's propensity to engage in criminal misconduct." United States v. Hollow Horn Bear, 3:23-CR-30087-RAL, 2024 WL 3874029, at *2 (D.S.D. Aug. 20, 2024) (citation modified).

The Jayce Henry incident involved a knife; it happened "shortly before" Defendant was charged for his alleged crime, perhaps mere minutes before; a white pickup truck was involved; and the incident occurred at the same residence of Defendant's alleged crime. Doc. 45; see also Doc. 1. Moreover, the Government has a witness who will testify at trial that he saw Defendant with a knife mere minutes before the alleged conduct giving rise to charges in this case. Mot. Hr'g for Pretrial Conf. at 10:29:30–10:29:56 a.m. As a result, this Court finds the Jayce Henry incident more probative than prejudicial. See United States v. Phelps, 168 F.3d 1048, 1058 (8th Cir. 1999) ("Evidence that Phelps brandished a nine-millimeter pistol just moments before firing a shotgun at Keeler is probative of his threatening behavior, and evidence of his behavior at the time of his arrest is probative of his hostility toward Keeler and the officers."). This Court further agrees with the Government that this evidence would also be admissible *res gestae* and is

admissible to "complete the story or provide a total picture of the charged crime." United States v. Parks, 902 F.3d 805, 813–14 (8th Cir. 2018); see also Mot. Hr'g for Pretrial Conf. at 10:25:13–10:26:21 a.m.

Accordingly, this Court rules the Jayce Henry incident is admissible.

## III. Order

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Defendant's Motions in Limine, Doc. 43, are granted in part and denied in part in accordance with this Opinion and Order and this Court's oral rulings at the Pretrial Conference. It is further

ORDERED that the Government's Motions in Limine, Doc. 46, are granted in part and denied in part in accordance with this Opinion and Order and this Court's oral rulings at the Pretrial Conference.

DATED this 2nd day of November, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE